IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CRAVEN RANDALL CASPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV907 |
| | ) | |
| CARTERET COUNTY NEWS-TIMES, | ) | |
| CAROLINA COAST ONLINE and | ) | |
| CARTERET PUBLISHING COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff, Craven Randall Casper, proceeding *pro se*, initiated this action on October 29, 2018 by filing a Complaint containing one count entitled Injunctive Relief, against the above-named defendants. (ECF No. 1.) Before the Court are three motions: (1) Defendants' Motion to Dismiss, (ECF No. 9); (2) Plaintiff's Motion for Leave to Amend Complaint, (ECF No. 14); and (3) Plaintiff's Motion To Remove Content, (ECF No. 15). For the reasons set forth below, the Court will grant Defendants' motion to dismiss the Complaint and will deny as moot each of Plaintiff's motions.

Defendants move to dismiss Plaintiff's Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of jurisdiction and failure to state a claim for relief. (ECF No. 9 at 1.) In addition, Defendants contend that the doctrine of res judicata precludes this action because a lawsuit filed by Plaintiff in state court "asserting the same complaints" he now asserts in this Court was dismissed by that state court on August

23, 2018. (ECF No. 10 at 3, 6) (citing *Casper v. Carteret County News-Times, Carolina Coastline, Carteret Publishing Company*, Orange County Superior Court, Case No. 18 CV 714.)[1]

The Court will first address whether it has subject matter jurisdiction over Plaintiff's claim. A motion brought pursuant to Rule 12(b)(1), which governs dismissals for lack of subject-matter jurisdiction, raises the question of "whether [Plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 U.S. 375, 377 (1994). "The United States Code confers subject matter jurisdiction on the federal district courts in two ways—where there is federal question jurisdiction and where there is diversity jurisdiction." *Holbrook v. W. Va. Reg'l Jail & Corr. Facility Auth.*, No. 3:16-cv-03705, 2016 WL 7645588, at *6 (S.D.W. Va. Dec. 6, 2016) (citing 28 U.S.C. §§ 1331, 1332), *report and recommendation adopted*, 2017 WL 55872 (S.D.W. Va. Jan. 4, 2017). The burden of establishing subject-matter jurisdiction is on the plaintiff. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When evaluating a Rule 12(b)(1) motion, the court may consider evidence outside the pleadings and should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Once a court determines it lacks subject-matter jurisdiction over a claim, the claim must be dismissed. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

---

[1] The Court notes that Paragraph 5 of Plaintiff's Complaint in this Court states "The Plaintiff, Mr. Craven Randall Casper, files this *Original Complaint* in the State Court of North Carolina." (ECF No. 1 ¶ 5.)

"[A] party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Defendants contend that Plaintiff cannot establish diversity jurisdiction because Plaintiff and Defendants are all residents of North Carolina. (ECF No. 10 at 2.) It does not appear that Plaintiff asserts otherwise. Plaintiff, in Section III of his Complaint entitled "Jurisdiction and Venue," addresses venue, personal jurisdiction and supplemental jurisdiction, but fails to address this Court's subject-matter jurisdiction. (ECF No. 1 ¶¶ 28–38.) However, in Paragraph 38 of the Complaint, Plaintiff asserts that he is a resident of Chapel Hill, North Carolina. (*Id.* ¶ 38.) Further, in Paragraphs 13, 14 and 15 of the Complaint, Plaintiff states that Defendant Carteret County News-Times is based in Morehead City, NC, that Carolina Coast's website is copyrighted in Morehead City, NC, and that Carteret Publishing Company is registered with the NC Secretary of State's Office.[2] (*Id.* ¶¶ 13–15.) For this Court to have subject-matter jurisdiction based on diversity, complete diversity of citizenship must exist between the parties, meaning that no party on one side may be a citizen of the same state as any party on the other side. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). A corporation is considered a "citizen" of the state or foreign state in which it is incorporated and the state or foreign state in which it has its "principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is its "nerve center," or "where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

---

[2] Carteret County News-Times and Carolina Coast Online are not independent legal entities but are publications of Carteret Publishing Company, Inc. (ECF No. 17 at 1 n.1.)

Thus, there appears to be no dispute between the parties that this Court cannot exercise jurisdiction over Plaintiff's claim based on diversity of citizenship since Plaintiff and Defendants are citizens of North Carolina. Nor would allowing Plaintiff to amend the Complaint to add additional parties, as requested by Plaintiff, (ECF No. 14), change this outcome and thus such amendments would be futile. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) ("[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986))).

In addition, this Court lacks federal question jurisdiction. Plaintiff's Complaint contains one count which is entitled Injunctive Relief and requests that this Court permanently remove certain newspaper and online photographs, articles, and other content which Plaintiff alleges disparages him or is erroneous. (*See* ECF No. 1 at 24–26.) The Court agrees with Defendants that injunctive relief is not a claim for relief, rather it is a remedy under both federal and state law. (*See* ECF No. 10 at 4.) "[A]n injunction is not a claim, but rather, a form of relief." *Trs. of the Nat'l Retirement Fund v. Wildwood Corp.*, No. 11 Civ. 6287, 2013 WL 8446003, at *2 n.1 (S.D.N.Y. Dec. 17, 2013); *see also Feel Better Kids, Inc. v. Kids in Need, Inc.*, No. CV–06–0023, 2012 WL 4483000, at *6 n. 11 (E.D.N.Y. Aug. 28, 2012) ("An injunction is a form of relief, not a cause of action."), *report and recommendation adopted*, 2012 WL 4483874 (E.D.N.Y. Sept. 27, 2012). Further, construing Plaintiff's complaint liberally, as this Court is required to do, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it appears that Plaintiff may be attempting to assert a claim of libel. (*See* ECF No. 1.) Thus, to the extent that a viable claim has been

asserted, such claim conceivably arises out of state law and not federal law. *See Craven v. Cope*, 656 S.E.2d 729, 732 (N.C. Ct. App. 2008) (stating the elements for libel under North Carolina law). Although Plaintiff asserts that this Court should exercise supplemental jurisdiction over his claim, (ECF No. 1 ¶ 31), he must first assert a claim over which this Court has original jurisdiction in order for such supplemental jurisdiction to attach. *See Exxon Mobil*, 545 U.S. at 552 (stating that a court "may exercise supplemental jurisdiction" only "once a court has original jurisdiction").

The Court therefore concludes that Plaintiff has failed to meet his burden of establishing that this Court has jurisdiction over this matter, and thus this case must be dismissed. While the Court appreciates its obligation to construe *pro se* pleadings liberally, the Court cannot countenance the filing of pleadings, *pro se* or otherwise, that are not well grounded in law and fact or are otherwise inappropriately brought before the Court. *See Weller v. Dep't of Social Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990) ("While *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985))).

For the reasons outlined herein, the Court enters the following:

**[ORDER TO FOLLOW ON NEXT PAGE]**

# ORDER

IT IS THEREFORE ORDERED that Defendants' Motion To Dismiss, (ECF No.9), is GRANTED and this action is DISMISSED;

IT IS FURTHER ORDERED that Plaintiff's Motion To Amend, (ECF No. 14), and Motion To Remove Content, (ECF No. 15), are DENIED AS MOOT.

This the 21st ay of June, 2019.

/s/ Loretta C. Biggs
United States District Judge